| | |
|---|---|
| YUNISLEIDIS CONTINO CASTELLANOS, and ALEJANDRO PENATE, individually and in their capacity as parent and legal guardian of B.C., a minor, | IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA |
| Plaintiffs, | GENERAL JURISDICTION DIVISION |
| v. | CASE NO.: |
| HOT MOM, LTD., and AMAZON, INC. | |
| Defendants. | |
| _____/ | |

## COMPLAINT FOR DAMAGES

Plaintiffs, YUNISLEIDIS CONTINO CASTELLANOS, AND ALEJANDRO PENATE, individually and in their capacity as parent and legal guardian of B.C., a minor, (hereinafter "Plaintiffs") by and through undersigned counsel, hereby sues Defendants HOT MOM, LTD., and AMAZON, INC., for damages, and alleges as follows:

### SUMMARY OF THE ACTION

Plaintiffs bring this civil action to recover for the severe and permanent injuries suffered by B.C., as a result of dangerously defective Hot Mom Stroller Bassinet ("Subject Bassinet") that is designed, manufactured, marketed, distributed, and sold by Defendant HOT MOM, LTD., ("Hot Mom"), and marketed, disturbed and sold by Defendant Amazon, Inc., ("Amazon").

### THE PARTIES, JURISDICTION & VENUE

1. This is an action for damages in excess of Fifty Thousand ($50,000.00) Dollars.

2. At all times material hereto, Plaintiffs were residents of Miami Dade County, Florida and were otherwise *sui juris*.

3. At all times material hereto, Defendant Hot Mom is a foreign corporation that does business in Florida and was otherwise *sui juris*.

4.      Defendant Hot Mom must be served under the Hauge Convention because its principal place of business is located at Suite 108 Chase Business Centre, 39-41 Chase Side, London, England, N14 5BP. Hot Mom has no agents, officers or business in the United States.

5.      At all times material hereto, Defendant Amazon is a foreign corporation organized and existing under the laws of Delaware that does business in Florida and was otherwise *sui juris*.

6.      Defendant Amazon may be served with process by serving its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

7.      Hot Mom distributed and sold the Subject Bassinet that forms the basis of this Complaint to Defendant Amazon.

8.      Defendant Amazon operates an online business that sells items throughout the State of Florida. The Subject Bassinet was purchased from Amazon online and delivered to Plaintiff's home, located in Miami Dade, County.

9.      This is an action to recover damages in excess of $50,000, exclusive of fees, costs and interest.

10.     This Court is authorized to exercise personal jurisdiction over Defendant Hot Mom pursuant to the Florida Long-Arm Statue, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the claims stated herein arise out of Defendant:

    i.  Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

    ii.  Committing a tortious act within Florida; or

    iii.  Causing injury to person or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (a) Defendant was engaged

in solicitation or service activities within Florida, or (b) products, materials, or things processed, serviced, or manufactured by Defendant anywhere were used or consumed in Florida in the ordinary course of commerce, trade or use.

11.     This Court is further authorized to exercise personal jurisdiction over Defendant Hot Mom pursuant to the Florida Long-Arm Statute, Fla. Stat § 48.193(2), because Defendant Hot Mom is engaged in substantial and not isolated activity within Florida.

12.     Hot Mom derives substantial revenues from products it sells in the State of Florida and in Miami Dade County.

13.     Hot Mom marketed, distributed and sold the Subject Bassinet in Florida, including Miami Dade County. Hot Mom marketed, distributed and sold its Bassinet and Stroller products to third parties in Florida, including Amazon.

14.     Hot Mom has purposely availed itself of the benefits and protections of the laws in the State of Florida and has sufficient contacts such that exercise of jurisdiction would be consistent with traditional notions of fair play and substantial justice.

15.     This Court is authorized to exercise personal jurisdiction over Defendant Amazon pursuant to the Florida Long-Arm Statue, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the claims stated herein arise out of Defendant:

i.   Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

ii.  Committing a tortious act within Florida; or

iii. Causing injury to person or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (a) Defendant was engaged in solicitation or service activities within Florida, or (b) products, materials, or things processed, serviced, or

manufactured by Defendant anywhere were used or consumed in Florida in the ordinary course of commerce, trade or use.

16.     This Court is further authorized to exercise personal jurisdiction over Defendant Amazon pursuant to the Florida Long-Arm Statute, Fla. Stat § 48.193(2), because Amazon is engaged in substantial and not isolated activity within Florida.

17.     Amazon derives substantial revenues from products it sells in the State of Florida and in Miami Dade County.

18.     Amazon has purposely availed itself of the benefits and protections of the laws in the State of Florida and has sufficient contacts such that exercise of jurisdiction would be consistent with traditional notions of fair play and substantial justice.

19.     Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims stated herein occurred in Miami Dade County, Florida.

## CONDITIONS PRECEDENT

20.     All conditions precedent have been satisfied or excused.

## HOT MOM BASSINET BACKGROUND

21.     Hot Mom F22 Baby Stroller is a stroller that comes with a Bassinet used by parents of infants up to six months old. The Bassinet provides a "spacious space for newborn baby." The product was and is designed, developed, manufactured, produced, distributed marketed, and sold by Defendant Hot Mom. Upon information and belief, Hot Mom developed and designed the Subject Bassinet.

**THE INCIDENT**

22.     On or about June 30, 2023, YUNISLEIDIS CONTINO CASTELLANOS, and ALEJANDRO PENATE, the parents of B.C., placed B.C., inside the Subject Bassinet. B.C. was five weeks old at this time.

23.     When the handlebar of the Subject Bassinet was lifted, it dislodged from the remainder of the Subject Bassinet which caused B.C., to roll out of the Subject Bassinet and onto the floor. During this time, B.C., struck his head.

24.     This occurred in front of YUNISLEIDIS CONTINO CASTELLANOS, and ALEJANDRO PENATE, the parents of B.C.

25.     B.C. was taken to the Emergency Room where he was diagnosed with a fractured skull and brain bleed.

26.     The Subject Bassinet failed in its ability to safely transport B.C.

27.     The Subject Bassinet was defective in its design, manufacture, and/or warning.

28.     The defective condition of the Subject Bassinet rendered the product unreasonably dangerous for its designed, intended and foreseeable use.

29.     The risk of danger associated with designing, manufacturing, distributing, supplying, and selling the Subject Bassinet as it was outweighed any real or perceived benefits. At the time the Subject Bassinet was designed, manufactured, distributed, supplied, and sold, alternative designs, formulations, and methods of manufacturing existed that would have resulted in a safer and more useful product with little to no increase in cost.

30.     The Subject Bassinet's defective and unreasonably dangerous condition existed at the time the Subject Bassinet left Defendants' final possession, custody and control.

31.     The Subject Bassinet remained in its defective and unreasonably dangerous condition until and throughout the incident that forms the basis of this lawsuit.

32.     The Subject Bassinet's defective condition actually and proximately caused injury and damage to Plaintiffs.

## COUNT I – STRICT LIABILITY
### (Plaintiffs v. Defendant, Hot Mom)

33.     Plaintiffs re-alleges and incorporated paragraphs 1 through 32 of this Complaint as if fully stated herein.

34.     Defendant Hot Mom, designed, manufactured, distributed, supplied, and sold the Subject Bassinet and otherwise placed the Subject Bassinet used by Plaintiffs into the stream of commerce.

35.     The Subject Bassinet is defective in its design, manufacture, and/or warning.

36.     The Subject Bassinet's defective condition rendered it unreasonably dangerous for its designed, intended and foreseeable uses.

37.     The Subject Bassinet's defective condition actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiffs individually and in their capacity as parent and legal guardian of B.C., a minor, demand judgment against Defendant Hot Mom, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT II – NEGLIGENCE
### (Plaintiffs v. Defendant, Hot Mom)

38. Plaintiffs re-alleges and incorporated paragraphs 1 through 32 of this Complaint as if fully stated herein

39. Defendant Hot Mom designed, manufactured, disturbed, supplied, and sold the Subject Bassinet and otherwise place the Subject Bassinet used by Plaintiffs into the stream of commerce.

40. Defendant Hot Mom owed a duty to properly design, manufacture, distribute, supply and sell the Subject Bassinet in a safe condition and without defect.

41. Defendant Hot Mom owed a duty to adequately test, inspect, and assure the quality of the Subject Bassinet before placing it into the stream of commerce.

42. Defendant Hot Mom owed a duty to provide adequate warnings, instructions, and information with the Subject Bassinet.

43. Defendant Hot Mom breached the above duties.

44. Defendant Hot Mom's breach of duties actually and proximately caused injury and damage to Plaintiffs.

**WHEREFORE**, Plaintiffs individually and in their capacity as parent and legal guardian of B.C., a minor, demand judgment against Defendant Hot Mom, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT III – STRICT LIABILITY
### (Plaintiffs v. Defendant, Amazon)

45.     Plaintiffs re-alleges and incorporated paragraphs 1 through 32 of this Complaint as if fully stated herein.

46.     Defendant Amazon distributed, supplied and sold the Subject Bassinet and otherwise placed the Subject Bassinet used by Plaintiffs into the stream of commerce.

47.     The Subject Bassinet is defective in its design, manufacture, and/or warning.

48.     The Subject Bassinet's defective condition rendered it unreasonably dangerous for its designed, intended and foreseeable uses.

49.     The Subject Bassinet's defective condition actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiffs individually and in their capacity as parent and legal guardian of B.C., a minor, demand judgment against Defendant Amazon, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT IV – NEGLIGENCE
### (Plaintiffs v. Defendant, Amazon)

50.     Plaintiffs re-alleges and incorporated paragraphs 1 through 32 of this Complaint as if fully stated herein

51.     Defendant Amazon distributed, supplied and sold the Subject Bassinet and otherwise placed the Subject Bassinet used by Plaintiffs into the stream of commerce.

52.     Defendant Amazon owed a duty to properly design, manufacture, distribute, supply and sell the Subject Bassinet in a safe condition and without defect.

53.     Defendant Amazon owed a duty to adequately test, inspect, and assure the quality of the Subject Bassinet before placing it into the stream of commerce.

54.      Defendant Amazon owed a duty to provide adequate warnings, instructions, and information with the Subject Bassinet.

55.     Defendant Amazon breached the above duties.

56.     Defendant Amazon's breach of duties actually and proximately caused injury and damage to Plaintiffs.

**WHEREFORE**, Plaintiffs individually and in their capacity as parent and legal guardian of B.C., a minor, demand judgment against Defendant Amazon, for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury of all issues triable as a right by a jury.

[SEE CERTIFICATE OF SERVICE ON THE FOLLOWING PAGE]

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via

a certified process server.

DATED this <u>14</u><sup>th</sup> day of <u>August</u>, <u>2024</u>

<div style="margin-left:40%">

**AMANDA DEMANDA**
Attorney for Plaintiff
5959 Waterford District Drive
Suite 306
Miami, Florida 33126
Telephone: (305) 505-1000
Fax: (866) 522-9111
Email: pleadings@amandademanda.com

By:    */s/ David J. Emas*
AMANDA DEMANDA, ESQ.
Florida Bar No.: 105681
DAVID J. EMAS, ESQ.
Florida Bar No.: 106926

</div>